UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEVIN VENTRY | CIVIL ACTION |
| VERSUS | NO. 11-2989 |
| MARLIN GUSMAN, SHERIFF | SECTION "J"(3) |

## REPORT AND RECOMMENDATION

Plaintiff, Kevin Ventry, a state prisoner, filed this civil action against Orleans Parish Sheriff Marlin Gusman pursuant to 42 U.S.C. § 1983. In this lawsuit, plaintiff asserts various claims concerning the conditions of his confinement within the Orleans Parish Prison system.[1] As relief, he seeks monetary damages.[2]

Due to the cursory manner in which plaintiff's claims were stated, the Court held a Spears hearing on January 19, 2012. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is

---

[1] Plaintiff was transferred from the Orleans Parish Prison system prior to filing this lawsuit. He is currently incarcerated at the C. Paul Phelps Correctional Center in DeQuincy, Louisiana.

[2] Rec. Doc. 1, p. 6.

in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the

Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint and his Spears hearing testimony,[3] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

---

[3] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

II. Plaintiff's Claims

A. Unsanitary Conditions

Plaintiff's first claim is that the prison was unsanitary. Admittedly, there is a point beyond which a prison cell's conditions are so unsanitary as to render them unconstitutional. See, e.g., Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional). However, plaintiff has failed to allege the presence of conditions even remotely approaching that level. On the contrary, he has offered nothing more than conclusory allegations that the prison was "nasty," "unsanitary," and "deplorable." Such allegations fall far short of what is required to assert a cognizable, nonfrivolous claim. See, e.g., Carter v. Gusman, Civ. Action No. 11-2601, 2011 WL 5417121, at *4 (E.D. La. Oct. 19, 2011), adopted, 2011 WL 5419692 (E.D. La. Nov. 9, 2011); Price v. New Orleans Parish Criminal Sheriff, Civ. Action No. 09-3573, 2009 WL 2139702, at *3 (E.D. La. July 13, 2009). Moreover, it must be remembered that although prisons should be reasonably clean, "[t]he Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be." McAllister v. Strain, Civ. Action No. 09-2823, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009); see also Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions."); Wilson v. Lynaugh, 878 F.2d 846, 849 & n.5 (5th Cir. 1989) (noting that the Constitution does not protect prisoners from "discomfort and inconvenience" and that prisoners "cannot expect the amenities, conveniences, and services of a good hotel").

Further, in any event, it must be noted that plaintiff would be barred from recovering compensatory damages with respect to this claim. Federal law provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Because plaintiff suffered no physical injury as a result of the allegedly unsanitary conditions, he is not legally entitled to compensatory damages. Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001); see also Mayfield v. Texas Department of Criminal Justice, 529 F.3d 599, 605-06 (5th Cir. 2008); Massingill v. Livingston, 277 Fed. App'x 491, 493 (5th Cir. 2008); Delafosse v. Stalder, 169 Fed. App'x 922 (5th Cir. 2006).

Accordingly, for all of these reasons, this claim should be dismissed as frivolous.

## B. Lack of Security

Plaintiff's second claim is that the jail lacked adequate security. This claim also fails.

To the extent that plaintiff is contending that jail officials were negligent for failing to provide better security, that claim is not cognizable in this federal proceeding. See Eason v. Thaler, 73 F.3d 1322, 1329 n.3 (5th Cir. 1996) ("[N]egligence is not a theory for which liability may be imposed under section 1983."); see also Baker v. McCollan, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."); Nesmith v. Taylor, 715 F.2d 194, 195 (5th Cir. 1983) ("It is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.").

To the extent that plaintiff is attempting to assert a federal constitutional claim, it would be a failure-to-protect claim. See, e.g., Scott v. Gusman, Civ. Action No. 10-2706, 2011 WL 666851, at *5 (E.D. La. Feb. 14, 2011); Desdunes v. Gusman, Civ. Action No. 10-3210, 2010 WL 4365809, at *2 (E.D. La. Sept. 30, 2010), adopted, 2010 WL 4362822 (E.D. La. Oct. 21, 2010); Cruz v. Owens, Civ. Action No. 86-5325, 1986 WL 13478 (E.D. Pa. Nov. 26, 1986) (claim that inmate was attacked due to "poor security" analyzed as a failure-to-protect claim). It is clear that "the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including ... protection from harm, during their confinement." Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). The United States Fifth Circuit Court of Appeals has held:

> To establish a failure-to-protect claim under § 1983, [a prisoner] must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. In order to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) (citations and internal quotation marks omitted).

In the instant case, plaintiff does not allege that the purportedly inadequate security ever placed *him* in harm's way, that *he* personally was particularly susceptible to being attacked, or that prison officials were made aware of and yet were deliberately indifferent to *his* need for protection. Instead, he offers nothing more than his vague and conclusory allegation that security was inadequate, and it is clear that such allegations do not suffice to state a federal claim. See, e.g., Morrison v. Gusman, Civ. Action No. 10-217, 2010 WL 724173, at *6 (E.D. La. Feb. 22, 2010);

Sweat v. Corrections Corporation of America, No. 08-CV0917, 2009 WL 774454, at *2 (W.D. La. Mar. 24, 2009).

Moreover, as noted, plaintiff is no longer housed within the Orleans Parish Prison system, and he suffered no physical injury as a result of the allegedly inadequate security. Therefore, again, federal law would bar him from being awarded compensatory damages with respect to this claim. 42 U.S.C. § 1997e(e).

### C. Lack of Ventilation

Plaintiff's third claim is that the prison lacked adequate ventilation. However, it is clear that such conclusory claims of inadequate ventilation, without more, implicate no federal constitutional right. Johnson v. Texas Board of Criminal Justice, 281 Fed. App'x 319, 321 (5th Cir. 2008); Johnson v. Thaler, No. 99-20222, 1999 WL 1131941, at *1 (5th Cir. Nov. 12, 1999); Parker v. Smith, No. 93-5542, 1994 WL 198944, at *2 (5th Cir. May 6, 1994); Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *3 (E.D. La. Oct. 1, 2009). Accordingly, this claim should likewise be dismissed.

### D. Inadequate Medical Care

Plaintiff's fourth claim is that he received inadequate medical care while incarcerated within the Orleans Parish Prison system. At the Spears hearing, plaintiff testified that he has asthma and high blood pressure. He conceded that, while he was incarcerated within Orleans Parish, he was examined by the jail's medical staff and in fact supplied with an asthma pump and medication for his high blood pressure. However, he complained that the asthma pump was not the type he normally used.

Before analyzing the particulars of plaintiff's claim, the Court initially notes what the federal constitution does *not* require with respect to the medical care of inmates.

First, if an inmate in fact receives medical treatment, federal constitutional protections are not violated simply because that treatment is unsuccessful or because pain persists despite the treatment. Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006); Williams v. Chief of Medical Operations, Tarrant County Jail, No. 94-10115, 1994 WL 733493, at *2 (5th Cir. Dec. 27, 1994); Kron v. Tanner, Civ. Action No. 10-518, 2010 WL 3199854, at *7 (E.D. La. May 19, 2010), adopted, 2010 WL 3171040 (E.D. La. Aug. 6, 2010).

Second, the federal constitution does not require that inmates receive optimal care. The fact that an inmate's medical treatment "may not have been the best money could buy" is insufficient to establish a federal violation. Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992); see also Gobert, 463 F.3d at 349; McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978).

Third, the federal constitution does not require even that an inmate's medical care be free from negligence or medical malpractice. Hall v. Thomas, 190 F.3d 693, 697-98 (5th Cir. 1999); see also Kelly v. Gusman, Civ. Action No. 07-611, 2007 WL 2007992, at *4 (E.D. La. July 5, 2007); Cerna v. Texas Tech Medical Staff, No. 2:03-CV-0322, 2004 WL 42602, at *2 (N.D. Tex. Jan. 7, 2004). Rather, claims of negligence or malpractice present issues of state law for state courts, not federal constitutional issues for a federal court. See Estelle v. Gamble, 429 U.S. 97, 107 (1976); Cerna, 2004 WL 42602, at *2.

On the contrary, an inmate's federal constitutional right to medical care is extremely limited. Specifically, the federal constitutional rights of an incarcerated person, whether he is a pretrial

detainee or a convicted prisoner, are violated only if his serious medical needs are met with *deliberate indifference* on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). On that point, the United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

In the instant case, it is evident that plaintiff's need for medical treatment was not met with deliberate indifference. On the contrary, plaintiff himself conceded that he was examined by the jail's medical staff and given a pump for his asthma and medication for his high blood pressure. It is of no moment that he disliked the asthma pump provided or that it was not the type he was accustomed to using. Absent exceptional circumstances, a prisoner's disagreement with his medical treatment simply does not constitute deliberate indifference. Gobert, 463 F.3d at 346. Moreover, "the question of whether ... additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." Estelle, 429 U.S. at 107. Generally, such

matters of professional medical judgment are better left to the medical expertise of physicians rather than to the legal expertise of judges. Federal courts are therefore loath to second-guess such medical decisions in federal civil rights actions. Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."); Castro v. Louisiana, Civ. Action No. 08-4248, 2008 WL 5169401, at *4 (E.D. La. Dec. 8, 2008) ("[M]edical judgments are not to be lightly second-guessed in a federal civil rights action."). Based on the evidence showing that plaintiff received medical care for his medical conditions, as well as on the complete absence of any suggestion to the contrary, there is no basis whatsoever to engage in such second-guessing in the instant case.

In summary, the determinative issue here is not whether the medical treatment plaintiff received was subpar in some respect, whether his medical problems persisted despite treatment, or whether he was dissatisfied with his care; rather, it is only whether his serious medical needs were met with *deliberate indifference*. Because it is evident that there was no deliberate indifference in this case with respect to plaintiff's treatment for medical conditions, this claim should be dismissed as frivolous.

The Court also notes that plaintiff complained at the Spears hearing that he was charged a co-payment for seeing a doctor while incarcerated at the Orleans Parish Prison system. Out of an abundance of caution, the Court notes that it is not unconstitutional to require non-indigent prisoners to pay for their medical care. See, e.g., Boyd v. Lasher, Civ. Action No. 09-7646, 2010 WL 497765

(E.D. La. Feb. 4, 2010); Hutchinson v. Belt, 957 F. Supp. 97, 100 (W.D. La. 1996); see also Breakiron v. Neal, 166 F. Supp. 2d 1110, 1114-16 (N.D. Tex. 2001).[4] Plaintiff does not allege that he was ever denied medical care because of an inability to pay the required co-payment.

### E. Overcrowding

Plaintiff's fifth claim is that the jail was overcrowded. However, the mere fact that inmates were confined in overcrowded conditions does not in and of itself amount to a constitutional deprivation. See, e.g., Rhodes v. Chapman, 452 U.S. 337, 347-50 (1981); Castillo v. Cameron County, Texas, 238 F.3d 339, 354 (5th Cir. 2001) ("[A]lthough overcrowding may give rise to unconstitutional conditions, overcrowding itself is not per se unconstitutional."); Price v. New Orleans Parish Criminal Sheriff, Civ. Action No. 09-3573, 2009 WL 2139702, at *3 (E.D. La. July 13, 2009); Thompson v. Stalder, Civ. Action No. 06-659, 2008 WL 874138, at *7 (M.D. La. April 1, 2008) ("[T]he law is clear that the mere fact that an inmate may be double-celled for a period of time does not, as a matter of law, state a claim of constitutional dimension. It has been held that such a claim, without more, does not violate an inmate's constitutional rights."); Kelly v. Gusman, Civ. Action No. 07-611, 2007 WL 2007992, at *3 (E.D. La. July 5, 2007). Therefore, plaintiff's allegations in this case are simply insufficient to state a cognizable, nonfrivolous overcrowding claim.

---

[4] The Court notes that Louisiana law expressly allows inmates to be charged for their medical care. See La.Rev.Stat.Ann. §15:831(B)(2).

Moreover, again, plaintiff suffered no physical injury as result of the overcrowding, and, as previously noted, he cannot be awarded compensatory damages for purely mental or emotional injury. 42 U.S.C. § 1997e(e).

Accordingly, for all of these reasons, this claim should likewise be dismissed as frivolous.

### F. Uncomfortable Temperatures

The Court notes that plaintiff complained at the <u>Spears</u> hearing that the jail temperatures were often uncomfortable, at times being too cold and at others too hot. If plaintiff meant to assert this as a separate claim, it should likewise be dismissed.

The fact that temperatures are uncomfortable cannot alone support a finding that the plaintiff was subjected to cruel and unusual punishment in violation of the Eighth Amendment. <u>Woods v. Edwards</u>, 51 F.3d 577, 581 (5th Cir. 1995). Further, although exposure to *extreme* cold or heat is actionable in some circumstances, plaintiff's allegations fall far short of what is required to establish a constitutional violation. For example, in <u>Johnson v. Texas Board of Criminal Justice</u>, 281 Fed. App'x 319, 320 (5th Cir. 2008), the United Fifth Circuit Court of Appeals held:

> Exposure to cold temperatures without adequate protection can constitute an Eighth Amendment violation, but Johnson's allegations regarding cold were too vague and conclusory to state a claim of a sufficiently serious deprivation that denied the minimal civilized measure of life's necessities. Johnson's allegations regarding extreme heat also failed to state a viable claim. While Johnson alleged that the temperatures were sometimes uncomfortably hot, he did not allege that he suffered from any heat-related injuries despite being subjected to these conditions numerous times; this is not sufficient to state a constitutional claim.

<u>Id</u>. at 320 (citations and quotation marks omitted). In the instant case, it is true that plaintiff stated at the <u>Spears</u> hearing that he felt the heat aggravated his asthma. However, that conclusion was speculative at best, and, as noted, plaintiff received ongoing treatment for his medical condition.

12

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this twenty-ninth day of March, 2012.

                              **DANIEL E. KNOWLES, III**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.