UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VENTRY                                                CIVIL ACTION

VERSUS                                                NO:11-2989

GUSMAN                                                SECTION: "J"

**ORDER**

Before the Court is Plaintiff Kevin Ventry's **Motion for Leave to Appeal In Forma Pauperis (Rec. Doc. 16)**,

**BACKGROUND FACTS**

Kevin Ventry is a state prisoner incarcerated in the C. Paul Phelps Correctional Center in DeQuincy, Louisiana. Prior to his transfer to the aforementioned institution, Plaintiff was incarcerated in the Orleans Parish Prison system. On December 7, 2011, Plaintiff filed a civil action in this Court against Orleans Parish Sheriff Marlin Gusman pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff asserted various claims concerning the conditions of his confinement within the Orleans Parish Prison system.

On January 19, 2012, the United States Magistrate Judge held

a <u>Spears</u> hearing in order to "'afford[] the [P]laintiff an opportunity to verbalize his complaint, in a manner of communication more comfortable to [him].'" <u>Ventry v. Gusman</u>, No. 11-2989, 2012 WL 1405862, *1 (E.D. La. March 29, 2012)(quoting <u>Davis v. Scott</u>, 157 F.3d 1003, 1005-06 (5th Cir. 1998)). Following the <u>Spears</u> hearing, on March 29, 2012, the Magistrate Judge issued his Report and Recommendation (Rec. Doc. 7), finding that Plaintiff's complaint be dismissed with prejudice as frivolous and/or for failing to state a claim on which relief may be granted. Plaintiff filed no objections to the Magistrate's Report, and on April 20, 2012, this Court approved the Report and Recommendation, adopted it as its own opinion, and entered a judgment in favor of Defendant and against Plaintiff.(Rec. Docs. 8, 9) On April 23, 2012, after the deadline for objections had passed and the judgment had been entered, Plaintiff filed a Motion for Extension of Time to Amend, which this Court denied. (Rec. Docs. 10, 11) On May 21, 2012, Plaintiff filed his notice of appeal as to the Court's April 20, 2012 Judgment. (Rec. Doc. 12) On August 19, 2012, Plaintiff filed the instant Motion for Leave to Appeal in Forma Pauperis. (Rec. Doc. 16)

**LEGAL STANDARD AND DISCUSSION**

A plaintiff may appeal in forma pauperis if he "submits an affidavit that includes a statement of all assets [he] possesses

[and] that he is unable to pay such fees or give security therefor." 28 U.S.C. § 1915 (a)(1). In addition, the "affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Id. A district court should inquire as to whether the costs of maintaining an appeal would cause undue financial hardship for the litigant. Prows v. Kastner, 842 F.2d 138, 140 (5th Cir. 1988).

A court may dismiss the case at any time if it determines that the allegation of poverty is untrue, the appeal is frivolous or malicious, the appeal fails to state a claim on which relief may be granted, or the appeal seeks monetary relief against a defendant who is immune from such relief. 28 U.S. C. § 1915(e). Furthermore, the Court must deny a request to appeal in forma pauperis if it finds that the appeal is not taken in good faith. Id. § 1915(a)(3). Good faith requires that the party must be seeking appellate review of a nonfrivolous issue. Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). An issue is nonfrivolous if it "involves legal points arguable on their merits." United States v. Misher, 401 F. App'x 981, 981 (5th Cir. 2010)(quoting Howard, 707 F.2d at 220). Conversely, a complaint is frivolous if "it lacks an arguable basis either in law or in fact." Kingery v. Hale, 73 F. App'x 755, 755 (5th Cir. 2003) (citing Denton v.

Hernandez, 504 U.S. 25, 31-33 (1992)).

In the instant case, Plaintiff's motion shows that the average monthly balance in his account for the previous six months was $1.91. (Rec. Doc. 16, p. 1) Additionally, Plaintiff notes that he makes no average monthly deposit into his account. (Rec. Doc. 16, p. 1) This information suggests that Plaintiff is unable to pay the costs of appeal.

However, the Court finds that Plaintiff's notice of appeal does not have arguable basis in either law or fact and, therefore, is frivolous. Plaintiff's notice of appeal fails to specify any violation of his constitutional rights beyond that which was asserted in his initial complaint and the Spears hearing before the Magistrate Judge. Because Plaintiff has failed to identify a nonfrivolous ground for appeal, the Court finds no reason to depart from its earlier judgment denying Plaintiff's requested relief.

## CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's Motion for Leave to Appeal in Forma Pauperis (Rec. Doc. 16).

New Orleans, Louisiana this 4th day of October, 2012.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE